IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-542-D

J & J SPORTS PRODUCTIONS, INC., )
)
Plaintiff, )
)
v. ) **ORDER**
)
JORKAY, LLC, et al., )
)
Defendants. )

On December 2, 2010, J & J Sports Productions, Inc. ("plaintiff" or "J & J") filed suit against Jorkay, LLC, doing business as Rudy's Pub & Grille, and Michael Bruce Parent (collectively, "defendants"). Compl. [D.E. 1]. On November 21, 2012, defendants moved for summary judgment [D.E. 19, 20]. Plaintiff responded [D.E. 21]. As explained below, the court grants in part and denies in part defendants' motion for summary judgment and concludes that defendants are liable as a matter of law on count one.

On September 19, 2009, J & J owned the exclusive commercial distribution rights to the broadcast of the "Number One: Floyd Mayweather, Jr. vs. Juan Manuel Marquez Championship Fight Program," including the broadcast and all undercard bouts ("the event"). See Compl. ¶ 8; Gagliardi Aff. [D.E. 21-2] ¶ 3. The event originated via satellite uplink and was retransmitted to cable systems and satellite companies through an encrypted satellite signal. Compl. ¶ 8. J & J entered into sublicensing agreements with commercial establishments to permit the broadcast of the event. Gagliardi Aff. ¶ 3. J & J alleges that defendants unlawfully intercepted and broadcast the event without a sublicense to the patrons of Rudy's Bar & Grille, a commercial establishment in

Apex, North Carolina, in violation of 47 U.S.C. § 605. Compl. ¶¶ 6, 12–13.[1]

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

Title 47 U.S.C. § 605 provides in relevant part:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a). Although section 605(a) refers to radio communication, Congress added satellite cable communications in subsections (b) through (e). See 47 U.S.C. § 605(b)–(e); Nat'l Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 911–12 (6th Cir. 2001). The statute prohibits the theft of

---

[1] J & J's complaint asserted two other claims. See Compl. 3–5. J & J does not contest defendants' motion for summary judgment on counts two and three. See [D.E. 21] 2.

2

scrambled satellite communications and cable television services. See, e.g., That's Entm't, Inc. v. J.P.T., Inc., 843 F. Supp. 995, 999 (D. Md. 1993).

In their motion for summary judgment, defendants concede that they broadcast the event on September 19, 2009, at Rudy's Bar & Grille without obtaining a sublicense from J & J. See Parent Aff. [D.E. 20-1] ¶¶ 10–11. However, defendants argue that they ordered the event through their commercial DirecTV account and paid $59.95 to show the event at their establishment. Id. ¶¶ 8, 10–11. Defendants argue that they did not know they needed authorization from J & J to show the event. Id. ¶ 15. J & J responds that $59.95 was the residential cost of the program, not the commercial sublicensing fee required to lawfully show the event at the establishment. See Gagliardi Aff. ¶ 8.

Title 47 U.S.C. § 605 imposes strict liability for violations. See 47 U.S.C. § 605(e)(3)(C); Joe Hand Promotions, Inc. v. Jorkay, LLC, No. 5:10-CV-536-D, 2013 WL 2447867, at *2 (E.D.N.C. June 5, 2013) (unpublished); J & J Prods., Inc. v. J & J Keynote Lounge, Inc., No. 11-CV-15002, 2013 WL 1747803, at *7 (E.D. Mich. Apr. 23, 2013) (unpublished); J & J Sports Prod., Inc. v. Aguilar, No. CIV-12-467-C, 2013 WL 425034, at *1 (W.D. Okla. Feb. 1, 2013) (unpublished); Joe Hand Promotions, Inc. v. Kinder, No. 11-CV-450-GKF-PJC, 2012 WL 5494926, at *3 (N.D. Okla. Nov. 13, 2012) (unpublished); Joe Hand Promotions, Inc. v. Adame, No. EP-12-CV-141-KC, 2012 WL 3561367, at *4 (W.D. Tex. Aug. 16, 2012) (unpublished); Joe Hand Promotions, Inc. v. McInnis, No. 10-CV-01614-LHK, 2011 WL 1740109, at *7 (N.D. Cal. May 5, 2011) (unpublished); Joe Hand Promotions, Inc. v. Easterling, No. 4:08 CV 1259, 2009 WL 1767579, at *4 (N.D. Ohio June 22, 2009) (unpublished). Defendants broadcast the event, see Parent Aff. ¶¶ 10, 14; [D.E. 21-3]; Gagliardi Aff. ¶ 7, and they did not obtain a commercial sublicense. See Parent Aff. ¶ 11.

3

Although defendants purchased the event from DirecTV, they do not avoid liability for broadcasting the event at their establishment without the authorization of the exclusive licensee, J & J. See Joe Hand Promotions, Inc., 2013 WL 2447867, at *2; Joe Hand Promotions, Inc., 2012 WL 5494926, at *4; J & J Sports Prods., Inc. v. Mandell Family Ventures, LLC, Civil Action No. 3:10-CV-02489-BF, 2012 WL 4757694, at *4 (N.D. Tex. Oct. 5, 2012) (unpublished); Joe Hand Promotions, Inc., 2009 WL 1767579, at *4–5; J & J Sports Prods., Inc. v. J.R. Mills, Inc., No. 5:06-CV-155-D, 2007 WL 1959246, at *3 (E.D.N.C. July 3, 2007) (unpublished) (adopting memorandum and recommendation). Thus, defendants' motion for summary judgment on count one is denied.

A district court may grant summary judgment sua sponte, so long as the party against whom summary judgment is granted has notice and "an adequate opportunity to demonstrate a genuine issue of material fact." U.S. Dev. Corp. v. Peoples Fed. Sav. & Loan Ass'n, 873 F.2d 731, 735 (4th Cir. 1989). Here, defendants have had both notice and opportunity to demonstrate a genuine issue of material fact as to their liability on count one. See id.; Preston v. Leake, 743 F. Supp. 2d 501, 506 n.2 (E.D.N.C. 2010). After reviewing the record, no genuine issue of material fact exists as to defendants' liability on count one and plaintiff is entitled to judgment as a matter of law on count one. Accordingly, the court grants summary judgment to J & J on count one as to the issue of liability.

In sum, the court GRANTS defendants' motion for summary judgment as to counts two and three and DENIES the motion as to count one [D.E. 19]. Defendants are liable as a matter of law as to liability on count one. If the parties are unable to settle the issue of damages, the parties shall submit a schedule for resolving the issue of damages. The schedule is due not later than July 12, 2013.

4

SO ORDERED. This \_11\_ day of June 2013.

                                                                          JAMES C. DEVER III
                                                                          Chief United States District Judge

5

Case 5:10-cv-00542-D   Document 22   Filed 06/11/13   Page 5 of 5